[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-10246

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DANIEL JOSEPH TOUIZER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:17-cr-60286-BB-1

————————————————

Before WILLIAM PRYOR, Chief Judge, and BRASHER and ABUDU, Circuit Judges.

PER CURIAM:

Daniel Touizer appeals the denial of his motion to reduce or modify a condition of his supervised release, 18 U.S.C. § 3583(e)(2), imposed after he pleaded guilty to conspiring to commit wire and mail fraud in a fraudulent investment scheme, *id.* § 1349. Touizer argues that the condition, which permits the probation officer to inspect his computer equipment and install systems to monitor his computer use, is unconstitutionally vague and overbroad. He also argues that the computer-examination condition creates an unwarranted sentencing disparity with his codefendants, who were not subject to the same condition, and that the district court should have tailored the condition to be less invasive. We affirm.

Insofar as Touizer challenges the constitutionality of the computer-examination condition, *Cordero* controls. Section 3583(e)(2) "cannot be used to challenge the legality or constitutionality of supervised release conditions" because those arguments "are reserved properly for direct appeal or a 28 U.S.C. § 2255 motion to vacate sentence." *United States v. Cordero*, 7 F.4th 1058, 1070 (11th Cir. 2021). The computer-examination condition was imposed in Touizer's original written judgment and in the judgment imposing sentence upon revocation of supervised release, yet he raised no challenge to the constitutionality of the condition on appeal from either judgment. He cannot do so now. *See id.*

We also disagree with Touizer that the district court abused its discretion in denying his request to modify the computer-examination condition because it found that the condition was "appropriate." *See id.* Touizer resumed operating one of the businesses he used to commit the underlying fraud only one month after he was released from prison to serve his term of supervised release. After learning that Touizer also had contacted several victims of his scheme—many of whom were elderly and had been robbed of their life savings—by email, the district court found it necessary to impose an additional special condition prohibiting him from contacting the victims. Although Touizer argues that the computer-examination condition creates an unwarranted sentencing disparity with his codefendants, Touizer was the scheme's undisputed "leader and the organizer" who "not only started these companies, but [was] the chief executive officer," so he failed to establish that he was similarly situated with his codefendants. *See United States v. Dixon*, 901 F.3d 1322, 1351 (11th Cir. 2018).

We **AFFIRM** the denial of Touizer's motion to reduce or modify his supervised release conditions.